SALVATORE CASALE, RESPONDENT, v. DIRECTOR GEN-
ERAL OF RAILROADS, APPELLANT.

Submitted March 17, 1920—Decided June 12, 1920.

Where it appears, when the plaintiff rests his case, that the act of
the servant was a willful one and was not expressly or impliedly
within the line of the servant's duty or employment, there should
be a nonsuit. In this case it is *held*, there is not sufficient evi-
dence to justify a finding by a jury that the men who committed
the assaults upon the plaintiff were servants of the defendant,
or, if servants of the defendant, their acts were willful ones, not
within the line of the servant's duty or employment, for which
the defendant is responsible. For the facts of the case see the
body of the opinion.

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN
and BLACK.

For the appellant, *Collins & Corbin, George S. Hobart* and
*Edward A. Markley.*

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

BLACK, J. The problem presented for solution by the
record in this case is, Is the defendant liable for the alleged
injury to the plaintiff as charged in the complaint? The
trial resulted in a verdict for the plaintiff. The defendant
appeals from the judgment entered upon the verdict of the
jury. The meritorious question is, Was it error for the trial
court to refuse to nonsuit the plaintiff or direct a verdict in
favor of the defendant? The controlling and undisputed
facts seem to be these: On March 1st, 1919, the plaintiff was
employed by the defendant, as a brakeman upon the Erie rail-

road. About three o'clock in the morning, the plaintiff, together with his conductor and another brakeman, went into a shanty in the yard of the railroad to get out of the rain. While there, four men walked in, one of whom was a man named Ford, a lieutenant of police on the Erie railroad police force. Ford did not say anything or give any orders. After awhile, the four men left the shanty. Shortly thereafter, three of the men returned to the shanty. Ford was not one of them. The plaintiff and his two companions, the conductor and brakeman, started to leave the shanty. When the plaintiff was between the door and the building, the three men locked or jambed him between the door and the wall of the building, punched him, tore his clothes, pointed revolvers at him, and shoved him back into the shanty, saying, "Go on in the office back there." The plaintiff said, "Let me go. What is the idea of doing this?" and they, or one of them, replied, "You will find out in a short time." Thereafter two uniformed police officers of Jersey City arrived, one of the three men said, "Here is the man here." Ford was not present at that time. The plaintiff was taken to the police station. He was locked up in the Sixth precinct police station. He was then taken to the Oakland avenue police court and there arraigned before the court. He was then taken to the city hall and liberated about three o'clock of that afternoon. He went back to work on the Erie railroad on the 8th of March. It was further testified to that one of the three men, the shortest one, was an Erie policeman. That an Erie detective followed him out of the office or shanty, pointed a gun at him and said, "We want you." It is argued by the respondent that under the cases of *West Jersey, &c., Railroad Co.* v. *Welsh,* 62 *N. J. L.* 655, and *Dierkes* v. *Hauxhurst Land Co.,* 80 *Id.* 369; 83 *Id.* 623, the jury could have found from the proofs in the case that the men who committed the assault upon the plaintiff were the servants of the defendant and acting within the scope of their authority. It is quite true that in those cases the disputed question was held to present one for the jury.

We think, however, there is not sufficient evidence in this record to show that these men were in the employ of the defendant. But if it be assumed that they, or some of them, were employed by the defendant, the acts complained of, as shown by this record, were deliberate and malicious assaults upon the plaintiff, for which the defendant is not liable under a line of well-considered cases in our courts, such as *Holler v. Ross,* 68 *N. J. L.* 324; *Evers* v. *Krouse,* 70 *Id.* 653; *Ward* v. *Erie Railroad Co.,* 89 *Id.* 525. Those cases hold, where it appears, when the plaintiff rests his case, that the act of the servant was a willful one, and was not, expressly or impliedly, within the line of the servant's duty or employment, there should be a nonsuit.

The evidence does not justify an inference that in committing the assaults complained of these men were in any way performing their duties or acting within the scope of their authority. There is no evidence as to what were the duties of these men if they were employes, nor is there any proof to show that the defendant had authorized them to assault the plaintiff when they did not have the slightest provocation to assault and arrest any employes of the defendant.

These cases further hold, where the act of a servant is a willful one, not expressly or impliedly within the line of the servant's duty or employment, entirely disconnected therefrom, done, not as a means, or for the purpose of performing the master's work, the master is not responsible for such act of the servant. We think it was error to refuse these motions. The judgment is therefore reversed, to the end that a *venire de novo* may issue.